[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10212

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CAST LUCAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60195-WPD-1

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

Cast Lucas challenges his 2022 sentence for possessing with intent to distribute fentanyl on the ground that his 2009 and 2015 Florida convictions for possessing with intent to deliver or sell cocaine are not "controlled substance offense[s]" under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.2(b). He argues that, in determining whether his prior state convictions are controlled substance offenses, the district court should have consulted "the drug schedules in effect at the time of federal sentencing," not those in effect at the time of the prior state convictions. We affirm.

Intervening precedent forecloses Lucas's argument. In *United States v. Dubois*, this Court adopted "a time-of-state-conviction rule" for prior state convictions. No. 22-10829, at *25 (11th Cir. Mar. 5, 2024). We held that "a 'controlled substance' under section 4B1.2(b)'s definition of 'controlled substance offense' is, for prior state offenses, a drug regulated by state law at the time of the conviction, . . . even if it is no longer regulated by the state at the time of federal sentencing." *Id.* at *29. So the district court properly consulted the drug schedules in effect at the time of Lucas's Florida drug convictions when it determined that those convictions are controlled substance offenses.

After briefing and with the benefit of oral argument, we **AFFIRM** Lucas's sentence.